The judgment of the court was pronounced by
Rost, J.
The defendant, Benjamin, resists the' payment of a note executed in solido by him and D. Hamilton, on the ground of a partial failure of consideration ; he alleges that the note was given in part payment for the exclusive right and privilege of keeping a steam ferry across the Mississippi river between Bayou Sara and Point Coupée; and also for the steam ferry boat which Hamilton purchased at the probate sale of the succession of Isaac Wright; and that soon after the purchase he discovered that Isaac Wright had failed to comply with the provisions of the charter, and that it had been forfeited anterior to his death; in consequence of which, he contends that he is entitled to a reduction of the price. This defence did not prevail in the court below, and both defendants appealed.
No bond having been given by Hamilton, the appeal, as to him, must be dismissed. The other appellant does not pretend that the forfeiture of the charter has been enforced at the suit of the State; but he alleges that he has shown acts and omissions on the part of Wright sufficient to authorise a decree of forfeiture.
The plaintiff took a bill of exceptions to the opinion of the court admitting testimony to prove those acts and omissions, on the ground that until a forfeiture is judicially decreed, neither the forfeiture itself, nor the cause of forfeiture, can be inquired into in another suit.
We are of opinion that the exception was well taken, and that the evidence should not have been received.
The rule, as settled after mature deliberation in the case of the Atchafalaya Bank v. Dawson, 13 L. R. 497, is, that until the forfeiture is judicially determined in a suit brought for that purpose, no advantage can be taken of the forfeiture itself, or of any-cause of forfeiture by any defendant in any collateral action. 2 Kent Com. 312, etseq. Angell & Ames on Corporations, p. 510 and notes. That rule is decisive of this controversy.
The judgment is affirmed, with costs.